UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| *AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I.,* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| *STEVEN SIMERL,* | ) ) |
| Serve at: 7912 Hartman Farm Rd., Fulton, MO 65251, | ) ) ) |
| *and* | ) ) |
| *CASE SIMERL,* | ) ) |
| Serve at: 7912 Hartman Farm Rd., Fulton, MO 65251, | ) ) ) |
| *and* | ) ) |
| *NORTHEAST MISSOURI ELECTRIC POWER COOPERATIVE,* | ) ) ) |
| Serve at: 3705 Business 61, Palmyra, MO 63461, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW American Family Mutual Insurance Company, S.I. (hereinafter "American Family"), by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

25602185.v1

## PARTIES, JURISDICTION AND VENUE

1. American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin. American Family is a Wisconsin citizen for purposes of diversity jurisdiction.

2. Defendant Steven Simerl is a Missouri citizen for purposes of diversity of citizenship jurisdiction.

3. Defendant Case Simerl is a Missouri citizen for purposes of diversity of citizenship jurisdiction.

4. Defendant Northeast Missouri Electric Power Cooperative ("Northeast Power") is a Missouri citizen for purposes of diversity of citizenship jurisdiction. Northeast Power is registered and chartered in the State of Missouri, and its principal place of business is located in Missouri.

5. There is a current case and controversy between the parties to this action.

6. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, codified at 28 U.S.C. Sections 2001 and 2201, to obtain a declaration of American Family's rights and obligations under certain policy(ies) of insurance issued by American Family.

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between residents and citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(2), and Local Rule 2.07, because a substantial part of the

events giving rise to this action took place within the Eastern District of Missouri and because one or more Defendants reside within the Eastern District, Northern Division.

## FACTS COMMON TO ALL COUNTS

### The Accident

9. On October 8, 2017, Case Simerl and Steven Simerl allegedly assembled a deer stand on property owned by a family friend, Steve Morris.

10. Case Simerl alleges that while he was kneeling atop the deer blind, electricity arced from a Northeast Power electric line and severely electrocuted Case Simerl, throwing him from the deer blind (the "Accident").

11. Case Simerl alleges that as a result of the electrocution, he sustained severe and disabling injuries to his mind and body, including spinal fractures and burns over approximately 48% of his body, and suffered severe emotional distress.

### The Underlying Lawsuit

12. On or about February 5, 2019, Case Simerl filed a Petition in the Circuit Court of Scotland County, Missouri, identified as Cause No.: 19SE-CC00007 ("Petition"), alleging that Northeast Power is liable to Case Simerl for damages related to the injuries he allegedly incurred as a result of his electric contact injury (the "Underlying Lawsuit").

13. On or about November 4, 2022, Case Simerl filed a First Amended Petition. Case Simerl's First Amended Petition is the current, operative pleading. A true and accurate copy of Case Simerl's First Amended Petition is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

14. On or about November 4, 2022, Northeast Power filed a Third-Party Petition in the Underlying Lawsuit, alleging that Steven Simerl's joint activity with Case Simerl of assembling

and erecting a deer stand directly underneath and within 10-feet of Northeast Power's overhead power lines, was careless, negligent, and caused and/or contributed to cause the injuries Case Simerl pleaded in his Petition (the "Third-Party Petition"). A true and accurate copy of Northeast Power's Third-Party Petition is attached as **Exhibit B** and is incorporated by reference as if fully set forth herein.

15. Upon being notified of the Underlying Lawsuit, American Family issued a reservation of rights letter directed to Steven F. Simerl on December 19, 2022 (the "ROR letter"). A true and accurate copy of American Family's ROR letter is attached as **Exhibit C** and is incorporated by reference as if fully set forth herein.

16. The ROR letter indicated questions of coverage existed and further advised that American Family's investigation of the claims in the Underlying Lawsuit was ongoing.

17. The ROR letter reserved American Family's right to deny coverage after its investigation and to withdraw from defending Steven Simerl in the Underlying Lawsuit.

18. American Family undertook Steven Simerl's defense pursuant to the Third-Party Petition filed by Northeast Power in the Underlying Lawsuit subject to its reservation of rights.

19. American Family is currently affording Steven Simerl a defense of the Lawsuit subject to its reservation of rights.

### The American Family Policy

20. American Family issued a "Missouri Homeowners Policy," Policy No. 24-BN8204-01, with a policy period from May 1, 2017 to May 1, 2018 to named insured Steven F Simerl, which provided certain homeowner's liability coverage, subject to all of its terms and conditions (the "Policy"). A certified copy of the Policy is attached as **Exhibit D** and incorporated by reference as if fully set forth herein.

21. The Policy's personal liability coverage limit is $300,000. Ex. D, at 2.

22. The Policy's declarations identifies the named insured's address is 7912 Hartman Farm Rd., Fulton, MO 65251. *Id*.

23. The Policy provides in pertinent part:

\*\*\*

**NAMED INSURED**
SIMERL, STEVEN F & LORI A
7912 HARTMAN FARM RD
FULTON      MO 65251-7132

### DEFINITIONS

**The following words in this policy have defined meanings. They will be printed in bold type.**

1. **Bodily Injury** means bodily harm, sickness or disease. It includes resulting loss of services, required care and death.

    **Bodily injury** does not include:
    a. any of the following which are communicable: disease, bacteria, parasite, virus or other organism which are transmitted by any insured to any other person;
    b. the exposure to any such communicable disease, bacteria, parasite, virus or other organism; or
    c. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

5. **Insured**
    a. **Insured** means **you** and, if residents of **your** household:
        (1)    **your** relatives;

### LIABILITY COVERAGES - SECTION II

**COVERAGE D - PERSONAL LIABILITY COVERAGE**

**We** will pay, up to **our limit,** compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

5

**EXCLUSIONS - SECTION II**

**Coverage D - Personal Liability and Coverage E - Medical Expense** do not apply to:

11. **Intra-insured Suits. We** will not cover **bodily injury** to any **insured.**

\*\*\*

**COUNT I – DECLARATORY JUDGMENT**

*(Intra-insured Exclusion)*

24. American Family incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 22 above.

25. American Family contends that no coverage exists under the Policy for any claims made by Steven Simerl arising from or related to the Accident, and that American Family owes neither a duty to defend nor a duty to indemnify Steven Simerl under the Policy for any claims or damages made by Steven Simerl arising from or related to the Accident.

26. Steven Simerl was at all relevant times, including October 8, 2017, the policyholder and Named Insured shown in the Declarations of the Policy.

27. Case Simerl is Steven Simerl's relative (his son), and was a resident of Steven Simerl's household on the date of the Accident.

28. Because Case Simerl resided in Steven Simerl's household when the Accident occurred, the Policy's "Intra-insured Suits" exclusion applies and there is no coverage under the Policy; therefore, American Family has no duty to defend and/or indemnify Steven Simerl as a matter of law.

29. Because there is not any coverage under the Policy, American Family owes neither a duty to defend nor indemnify Steven Simerl under the Policy.

30.     Based on these allegations, there is a present and justiciable controversy or dispute over coverage under the Policy, including whether American Family has a duty to defend Steven Simerl from the allegations in the Underlying Lawsuit, and the controversy is ripe for a determination.

WHEREFORE, Plaintiff American Family Mutual Insurance Company, S.I. prays this Court to enter its declaratory judgment in its favor, and against all Defendants on Count I of its Declaratory Judgment Complaint, declaring that no coverage exists under the Policy for any of the claims, allegations or damages sought against Steven Simerl in the Underlying Lawsuit, and that American Family neither owes Steven Simerl a duty to defend, nor indemnify, for any damages or other relief sought from him with regard to the Underlying Lawsuit, or any allegations made against him in it, or otherwise in connection with any claims or allegations made, or damages sought, from them in the Underlying Lawsuit, for its costs, and any further orders and relief this court deems just and proper under the circumstances.

Respectfully Submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By:  */s/ Philip C. Graham*
Philip C. Graham, #40345MO
Chad M. Smith, #73948MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
pgraham@sandbergphoenix.com
csmith@sandbergphoenix.com
Attorney for Plaintiff *American Family Mutual Insurance Company, S.I.*